**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

David Thomas Terwilliger,

    Plaintiff,

    v.                                            Case No. 1:18cv11

Commissioner of Social Security                Judge Michael R. Barrett

    Defendant.

## **OPINION & ORDER**

This matter is before the Court upon the Magistrate Judge's January 28, 2019, Report and Recommendation ("R&R") recommending that the decision of the Commissioner be reversed and remanded to permit Plaintiff to withdraw his application for retirement benefits. (Doc. 23).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R in the form of a Motion to Clarify. (Doc. 24).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

Plaintiff maintains that the Magistrate Judge's R&R was in error because it did not provide guidance on how reversal might be accomplished; and in order to be made whole, Plaintiff and his spouse must be permitted to retroactively take all actions they would have been entitled to take had Plaintiff's withdraw request been timely approved in 2011 or 2012. In addition, Plaintiff argues that the costs of this action should be borne by the Commissioner.

This Court's review of the ALJ's decision is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 405-406 (6th Cir. 2009); see also 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). In addition, the Court cannot address any claim of Plaintiff's spouse because those claims are not before this Court.

Finally, Plaintiff is not entitled to costs and attorney fees. Under the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party" in a civil action against the United States "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)). However, attorney's fees for *pro se* litigants are not authorized under the EAJA. *Sheffield v. Sec'y of Health & Human Servs.*, 983 F.2d 1068 (6th Cir. 1992) (collecting cases). To the extent that Plaintiff is entitled to other expenses, his request is premature. *See* 28 U.S.C. § 2412(d)(1)(B) ("party seeking award of fees and

other expenses shall, within thirty days of final judgment in the action, submit to the court" an application for reimbursement."); and 28 U.S.C. § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement").

Based on the foregoing, the Court **ADOPTS** the Magistrate Judge's January 28, 2019 R&R (Doc. 23). Accordingly, the decision of the Commissioner is **REVERSED** and **REMANDED** to permit Plaintiff to withdraw his application for retirement benefits.

**IT IS SO ORDERED.**

              */s/ Michael R. Barrett*
              Michael R. Barrett, Judge
              United States District Court